UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:15CV2394-T-EAK-TBM

In the Matter of K.P.R., Infant
under the age of 16,
PRESLEY ROBERTS,

       Petitioner,

v.

KHRISTY MOHAN,

       Respondent.
_____/

**ORDER**

**THIS MATTER** is before the Court upon Petitioner's verified petition for return of child to Trinidad and Tobago and issuance of show cause order (DE 1), request for expedited consideration of the verified petition (DE 3), and Petitioner's request for service by the United States Marshal (DE 4).

I. **DISCUSSION**

Petitioner filed a verified petition for the return of child to The Republic of Trinidad and Tobago (DE 1) requesting the return of his the minor child K.P.R., pursuant to The Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and 22 U.S.C. § 9001, the International Child Abduction Remedies Act ("ICARA").

Petitioner alleges that on or about October 10, 2014, Respondent, the child's mother, wrongfully removed the child from Trinidad and Tobago and has retained him in the Middle District of Florida in violation of Trinidad and Tobago law, the Convention, and ICARA.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may enter a preliminary injunction or temporary restraining order. To obtain a temporary restraining order, a movant must demonstrate the following: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; (4) that entry of the relief would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). To obtain *ex-parte* relief, a party must strictly comply with these requirements. *See Emerging Vision, Inc. v. Glachman*, 10-80734-CIV, 2010 WL 3293346 (S.D. Fla. June 29, 2010); *Levine v. Camcoa, Ltd.*, 70 F.3d 1191, 1194 (11th Cir.1995) (Hill, C.J., concurring) ("An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution."). Strict compliance with Rule 65 is particularly warranted in cases such as this, where the respondent is unaware that judicial proceedings have been commenced and the relief plaintiff seeks is drastic. *Emerging Vision*, 2010 WL 3293346 at *4.

Based on the record, the Court finds that Petitioner will suffer irreparable injury unless this Order is granted. Given that Respondent brought the child to the United States, then to Canada and back to the United States and has refused to return with the child to Trinidad and Tobago, there exists a clear risk that Respondent will further secret the child and herself in violation of the Convention and ICARA. According to the verified petition, Petitioner has rights of custody with the child, Respondent wrongfully removed the child to the United States, Respondent and the child are citizens of Trinidad and Tobago, Trinidad and Tobago has been the child's habitual place of residence including at the time of his removal, and Respondent has prevented

Petitioner from communicating with and seeing the child. Accordingly, the Court finds that Petitioner has shown that there is a substantial likelihood of success on the merits· that the threatened injury outweighs the harm the relief would inflict upon Respondent as the temporary restraining order is simply maintaining the *status quo;* and that the entry of a temporary restraining order would serve the public interest.

## II. CONCLUSION

Having considered the record, relevant submissions, and applicable law, it is hereby **ORDERED AND ADJUDGED** that Petitioner's verified petition for return of child to Trinidad and Tobago and issuance of show cause order (DE 1 ), request for expedited consideration of the verified petition (DE 3), and Petitioner's request for service by the United States Marshal (DE 4) are **GRANTED** as follows:

1. The United States Marshals Services is **DIRECTED** to effect service of the verified petition for return of child to Trinidad and Tobago and issuance of show cause order (DE 1 ); the exhibits to the verified petition ( 1 ); the notice of appearance by Petitioner's counsel (DE  ); Petitioner's request for expedited consideration of the verified petition (DE 2); the certificate of counsel for Petitioner's request for expedited consideration of the verified petition (DE ); the notice of unavailability by Petitioner's counsel (DE 5); Petitioner's request for service by the United States Marshal (DE 4 ); and a copy of this Order on Respondent, Khristy Mohan, 12450 Curry Drive, Spring Hill, Florida 34609. The United States Marshals Service shall be authorized and directed to serve and enforce the District Court's order in the daytime or the nighttime in order to effectuate the provisions of the District Court's Order, and the United States Marshals Service is authorized to call upon the force of the county for such purposes if the same in their judgment is needed. The United States Marshals Service shall serve the District

5

Court's order immediately and not delay execution of this Order.

2. Respondent is **ORDERED** to tender any and all travel documents in her possession for herself and the minor child, K.P.R., including any Trinidad and Tobago, U.S., or any other passports or visas in her possession for her and the minor child, to the United States Marshals Service, which shall be tendered to the Court pending final resolution of this case on the merits. The duty to surrender any travel documents is ongoing pursuant to the terms of this Order.

3. Respondent shall remain with the minor child, K.P.R., in the Middle District of Florida pending the resolution of this action. Respondent is **PROHIBITED** from removing the minor child, K.P.R., from the jurisdiction of this Court, and no person acting in concert with the Respondent shall take any action to remove the child from the jurisdiction of this Court, pending further Order of the Court.

4. A status hearing on the verified petition (DE 1) shall take place before the Honorable _Elizabeth A. Kovachevich_ at 801 North Florida Avenue, Courtroom _14A_ Tampa, Florida, 33602 on _October 21, 2015 at 10:30am_.

5. A hearing on a preliminary injunction order shall take place before Honorable _Elizabeth A. Kovachevich_ at 801 North Florida Avenue, Courtroom _14A_ Tampa, Florida, 33602 on _October 28, 2015 at 10:30am_

6. The Court finds that, for now, no security is necessary in this matter as there is no evidence that Respondent will suffer any costs or damages from the entry of a temporary restraining order.

**DONE AND ORDERED** in Chambers at Tampa, Florida this _13th_ of October, 2015.

UNITED STATES DISTRICT JUDGE

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

5